JOHN K. BENNETT, ESQ. (JB-0527)
JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890
Attorneys for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------x
JACQUELINE YOUNG,

                Plaintiff,

vs.

THE WACKENHUT CORPORATION,

                Defendant.
---------------------------------------------------------x

Hon.

Civil Action No.

**NOTICE OF REMOVAL**

TO: THE CHIEF JUDGE AND JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

       This Notice of Removal by Defendant, The Wackenhut Corporation ("TWC"), a corporation of the State of Florida, having its principal place of business located in Palm Beach Gardens, Florida, respectfully shows, in accordance with the provisions of 28 U.S.C. § 1446, that this action is properly removed from the Superior Court of New Jersey, Law Division, Middlesex County, to this United States District Court, as follows:

      1.    This civil action was commenced on or about April 13, 2010, by the plaintiff, Jacqueline Young, residing at 1565 Holly Road, North Brunswick, New Jersey, by filing a Complaint and Jury Demand against TWC, Docket No. MID-L-2683-10. A true and correct copy of the Summons and Complaint is attached hereto as Exhibit A.

2. TWC was served with the Summons and Complaint on April 22, 2010. True and correct copies of the notice of service of process is attached hereto as Exhibit B.

3. No proceedings have taken place in the state court action. TWC has not served an answer or responsive pleading to plaintiff's Complaint or made any appearance or argument before the Superior Court.

4. This Notice of Removal is timely filed within 30 days of service of the Summons and Complaint, pursuant to 28 U.S.C. § 1446(b), thereby allowing TWC to remove, pursuant to 28 U.S.C. § 1441, on the basis of both federal question jurisdiction and diversity of citizenship.

5. This action arises out of plaintiff's claim in her Complaint that TWC unlawfully interfered with rights arising under the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*

6. Consequently, this Court has original jurisdiction over the above-captioned matter based on federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1441.

7. The plaintiff is a citizen of New Jersey. TWC, the sole defendant named in this action, is a Florida corporation having its principal place of business in Palm Beach Gardens, Florida, and is therefore a citizen of the State of Florida.

8. The amount in controversy in this action meets or exceeds the jurisdictional amount required by 28 U.S.C. § 1332(a).

9. Consequently, this Court additionally has original jurisdiction over the above-captioned matter based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332 and 1441.

10. TWC submits this Notice of Removal without waiving any defenses to the claim(s) asserted by plaintiff, including improper service of process, or conceding that plaintiff has pled claim(s) upon which relief can be granted.

WHEREFORE, defendant TWC respectfully requests that this action proceed in its entirety in this Court as an action properly removed hereto.

                                                    JACKSON LEWIS LLP
                                                    Attorneys for Defendant

                                                    By: _____
                                                        JOHN K. BENNETT

Dated: May 20, 2010

# EXHIBIT A

**CASTRONOVO & McKINNEY, LLC**
18 MacCulloch Avenue
Morristown, NJ 07960
(973) 920-7888
Attorneys for Plaintiff
Jacqueline Young

FILED & RECEIVED #2

'10 MAY 13 A 11: 13

| | |
|---|---|
| JACQUELINE YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>THE WACKENHUT CORPORATION,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – MIDDLESEX COUNTY<br><br>DOCKET NO: MID-L- 2683-10<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Jacqueline Young ("Plaintiff"), through her attorneys, Castronovo & McKinney, LLC, files this Complaint and Jury Demand seeking compensatory damages, punitive damages, attorneys' fees, and costs of suit from Defendant, The Wackenhut Corporation ("Defendant"), and alleges as follows:

## FACTS

**A.  Jurisdiction and Venue**

1. Plaintiff resides at 1565 Holly Road, North Brunswick, Middlesex County, New Jersey and was employed by Defendant until December 1, 2009 at Defendant's Cranford, New Jersey facility.

2. Defendant is a private corporation that operates throughout the United States, and has a facility at 25 Commerce Drive, Cranford, Union County, New Jersey.

**B.  Plaintiff's Employment, Disability, and Leave of Absence**

3. Plaintiff was employed by Defendant since September 5, 2000.

1

On October 13, 2008 Plaintiff accepted the position of Payroll Specialist in Defendant's Cranford, New Jersey facility.

4. Plaintiff became pregnant in October 2008.

5. Approximately one month after becoming pregnant, Plaintiff informed Dale Koznicki of Defendant's Human Resources department that she was pregnant.

6. On April 3, 2009, Plaintiff informed Winter Lemon of Defendant's Human Resources department regarding her plans for maternity leave and Family Medical Leave Act ("FMLA") leave based on her due date of July 12, 2009. Plaintiff asked Winter Lemon to advise her if there is any documentation that Defendant required.

7. On May 19, 2009, Plaintiff again informed Winter Lemon of her plans to take FMLA leave, agreed to provide the proper medical documentation and asked if there was any additional information Defendant required.

8. As a result of Plaintiff's pregnancy, Plaintiff took an authorized leave of absence from her employment with Defendant that began on June 12, 2009.

9. Plaintiff was never informed by Defendant of her rights pursuant to the FMLA.

10. On September 2, 2009, Plaintiff contacted Defendant's corporate office and spoke to Donna Holden to inquire about returning to work. Defendant's corporate office instructed Plaintiff to contact Winter Lemon.

11. On September 2, 2009, Plaintiff called Winter Lemon and left a message. Winter Lemon did not return Plaintiff's phone call.

12. On September 10, 2009, Plaintiff again called Winter Lemon and left a message. Winter Lemon again did not return Plaintiff's phone call.

13. On October 2, 2009, Plaintiff sent an email to Winter Lemon inquiring about her

2

rights under the FMLA. Winter Lemon did not reply to Plaintiff's email.

14. On November 9, 2009, Plaintiff again called Winter Lemon and left a message. Winter Lemon again did not return Plaintiff's phone call.

15. On November 11, 2009, Plaintiff again called Winter Lemon and left a message. Winter Lemon again did not return Plaintiff's phone call.

16. On November 15, 2009, Winter Lemon finally called back Plaintiff. Plaintiff asked Winter Lemon about when the FMLA leave expires and Winter Lemon stated that she would look into it.

17. On November 16, 2009, Plaintiff again called Winter Lemon and left a message. Winter Lemon again did not return Plaintiff's phone call.

18. On November 24, 2009, Plaintiff received a phone call from Doris Wallace of Defendant's Human Resources department. Doris Wallace left a voicemail for Plaintiff to call her back.

19. On November 25, 2009, Plaintiff returned Doris Wallace's phone call but the office voice message recording indicated that the office had closed early due the holiday.

20. On November 30, 2009, Plaintiff called Doris Wallace. Plaintiff spoke with Doris Wallace and Doris Wallace asked Plaintiff to provide all of her documentation regarding her pregnancy leave in order to "explain to Defendant's corporate office."

21. On November 30, 2009, Plaintiff sent an email detailing her pregnancy leave and the FMLA.

22. On November 30, 2009, Plaintiff received a phone call from Doris Wallace and Winter Lemon stating that Plaintiff had exhausted all of her FMLA time and that she was still employed with the company. Winter Lemon requested a detailed email explaining her situation.

3

23. On December 2, 2009, Plaintiff sent Winter Lemon a detailed email explaining her situation.

24. On December 4, 2009, Plaintiff called Winter Lemon and left voice mail. Later that day without any advance notice, Plaintiff received a letter dated 12/1/09 from Doris Wallace terminating her employment with Defendant due to her failure to provide a "return to work notification from your doctor" and "exhaust[ing] both your Federal and State leaves of absence."

## COUNT I

### FMLA – Interference with Rights

25. Plaintiff repeats and incorporates the facts alleged in the preceding paragraphs.

26. Defendant employs several hundred people across the country and, therefore, is covered by the FMLA, 29 U.S.C. § 2601, et seq.

27. Plaintiff, having been a full-time employee of Defendant since September 2000, was eligible for FMLA leave due to her pregnancy.

28. In October 2008, May 2009 and until she went out on approved leave, Plaintiff informed Defendant of her need for medical leave and she provided the necessary information to support her request.

29. Until the day of Plaintiff's termination on December 1, 2009, Defendant never informed Plaintiff that her leave was classified as FMLA leave.

30. Plaintiff was never advised of her rights under the FMLA.

31. Defendant's late notice to Plaintiff violates the FMLA which required Defendant to inform Plaintiff of her rights to FMLA leave so could make an informed decision about taking FMLA leave.

32. Defendant's violation of the FMLA's notice requirements and Defendant's

4

termination of Plaintiff's employment have interfered with the rights guaranteed to Plaintiff under the FMLA.

33. Defendant's conduct was willful, malicious and/or especially egregious and done with the knowledge and/or participation of upper level management.

34. As a result of Defendant's wrongful conduct, Plaintiff has suffered, and continues to suffer, damages including: back pay, front pay, pain and suffering, and emotional distress.

WHEREFORE, Plaintiff seeks judgment against Defendants on each count awarding her compensatory damages, punitive damages, attorneys' fees, costs of suit, pre- and post-judgment interest, and all other relief that the Court deems equitable and just.

CASTRONOVO & McKINNEY, LLC

Dated: April 8, 2010

By: _____
Thomas A. McKinney
Attorneys for Plaintiff

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all issues so triable.

CASTRONOVO & McKINNEY, LLC

Dated: April 8, 2010

By: _____
Thomas A. McKinney
Attorneys for Plaintiff

5

## DESIGNATION OF TRIAL COUNSEL

Plaintiff designates Thomas A. McKinney as trial counsel in this action.

CASTRONOVO & McKINNEY, LLC

Dated: April 8, 2010

By: _____
Thomas A. McKinney
Attorneys for Plaintiff

## RULE 4:5-1 CERTIFICATION

I hereby certify that this matter is not the subject of any other pending civil action or arbitration proceeding. I further certify that I know of no other parties who should be joined in this litigation at the present time.

CASTRONOVO & McKINNEY, LLC

Dated: April 8, 2010

By: _____
Thomas A. McKinney
Attorneys for Plaintiff

6

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK    NJ 08903-2633

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 519-3728
COURT HOURS

DATE:  APRIL 14, 2010
RE:    YOUNG JACQUELINE VS WACKENHUT CORPORATION
DOCKET: MID L -002683 10

THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

DISCOVERY IS  300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

THE PRETRIAL JUDGE ASSIGNED IS:  HON DIANE X. PINCUS

IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    003
AT:  (732) 519-3745 EXT 3745.

IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE WITH R.4:5A-2.

ATTENTION:

ATT: THOMAS A. MCKINNEY
CASTRONOVO & MCKINNEY LLC
18 MACCULLOCH AVENUE
MORRISTOWN       NJ 07960-9448

JUMHIL0

**CASTRONOVO & McKINNEY, LLC**
18 MacCulloch Avenue
Morristown, NJ 07960
(973) 920-7888
Attorneys for Plaintiff

| | |
|---|---|
| JACQUELINE YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>THE WACKENHUT CORPORATION,<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – MIDDLESEX COUNTY<br><br>DOCKET NO: MID-L-2683-10<br><br>Civil Action<br><br>**SUMMONS** |

**FROM THE STATE OF NEW JERSEY**
**TO THE ABOVE-NAMED DEFENDANT:**

### THE WACKENHUT CORPORATION

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey, Law Division of Middlesex County. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written answer or motion and proof of service with the Deputy Clerk of the Superior Court in the county listed above within 35 days from the date you received this Summons, not counting the date you received it. The address of each Deputy Clerk of the Superior Court is listed below. A $135.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the Deputy Clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to Plaintiff's attorney whose name and address appear above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief Plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: April 20, 2010      /s/ Jessica M. Perez
                                      Clerk of the Superior Court

Name of Defendant to be served:
**THE WACKENHUT CORPORATION**

Address for service:
**Prentice Hall Corp. System, 830 Bear Tavern Road, Trenton, NJ 08628**

**ATLANTIC COUNTY:**
Deputy Clerk, Superior Court
Atlantic County Civil Courthouse
1201 Bacharach Blvd., First Floor
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk, Bergen County
Superior Court
415 Justice Center
10 Main Street
Hackensack, NJ 07601
LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk, Burlington County
Superior Court
Central Processing Office
Attn: Judicial Intake
Courts Facility, 1st Floor
49 Rancocas Road
P.O. Box 6555
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk, Superior Court
Camden County Civil Processing Office
Hall of Justice, 1st Floor,
101 S. 5th Street
Camden, NJ 08103
LAWYER REFERRAL
(609) 964-4520
LEGAL SERVICES
(609) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk , Superior Court
Cape May County
4 Moore Road
DN-203
Cape May Court House, NJ 08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk, Superior Court
Cumberland County Civil Case Mgmnt. Office
Cumberland County Courthouse
Broad & Fayette Streets
P.O. Box 615
Bridgeton, NJ 08302
LAWYER REFERRAL
(609) 692-6207
LEGAL SERVICES
(609) 451-0003

**MONMOUTH COUNTY:**
Deputy Clerk, Monmouth County

**ESSEX COUNTY:**
Deputy Clerk, Essex County
Superior Court, Civil Part
435 Dr. M.L. King Jr. Boulevard
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6207
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk, Gloucester County
Superior Court
Civil Case Management/Law Division
Court House, 1st Floor
1 North Broad Street
P.O. Box 881
Woodbury, NJ 08096
LAWYER REFERRAL
(609) 848-4589
LEGAL SERVICES
(609) 848-5360

**HUDSON COUNTY:**
Deputy Clerk, Superior Court
Hudson County Civil Case Management Office
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk, Superior Court
Civil Division Office
Hunterdon County Justice Center
65 Park Avenue
P.O. Box 728
Flemington, NJ 08822
LAWYER REFERRAL
(908) 735-2611
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk, Superior Court
Mercer County Civil Part
175 South Broad Street, 2nd Floor
P.O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 965-6249

**MIDDLESEX COUNTY:**
Deputy Clerk, Superior Court
Middlesex County, Attn: Law Division
Administration Building, 3rd Floor
1 Kennedy Square
P.O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**SUSSEX COUNTY:**
Deputy Clerk, Superior Court

Superior Court, Courthouse
71 Monument Park, West Wing
P.O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

MORRIS COUNTY:
Deputy Clerk, Superior Court
Morris County Civil Division
P.O. Box 910
Morristown, NJ 07963-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

OCEAN COUNTY:
Deputy Clerk, Superior Court
Ocean County, Civil
104 Courthouse
118 Washington Street
Toms River, NJ 08754
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

PASSAIC COUNTY:
Deputy Clerk, Passaic County Superior Court
Civil Division Office
Courthouse
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 345-7171

SALEM COUNTY:
Deputy Clerk, Salem County Superior Court
Civil Part
92 Market Street
P.O. Box 29
Salem, NJ 08079
LAWYER REFERRAL
(609) 935-5629
LEGAL SERVICES
(609) 451-0003

SOMERSET COUNTY:
Deputy Clerk, Superior Court
Civil Division Office
Court House, 3rd Floor
P.O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

Sussex County Judicial Division
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

UNION COUNTY:
Deputy Clerk, Union County Superior Court
Court House
Room 107
2 Broad Street
Elizabeth, NJ 07207
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

WARREN COUNTY:
Deputy Clerk, Warren County
Superior Court
Civil Division Office
Courthouse
413 Second Street
P.O. Box 900
Belvidere, NJ 07823-1500
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 475-2010

# EXHIBIT B

**From:** sop@cscinfo.com [mailto:sop@cscinfo.com]
**Sent:** Thursday, April 22, 2010 4:41 PM
**To:** Karen Savignac
**Subject:** Notice of Service of Process

# Corporation Service Company ®

**NOTICE OF SERVICE OF PROCESS**

Transmittal Number: 7589561
Date: 04/22/2010

Pursuant to client instructions, we are forwarding this summary and notice of Service of Process. The Service of Process document has been sent to the primary contact listed below.

| | |
|---|---|
| **Entity:** | The Wackenhut Corporation |
| **Entity I.D. Number:** | 0514713 |

1

| | |
|---|---|
| **Entity Served:** | The Wackenhut Corporation |
| **Title of Action:** | Jacqueline Young vs. The Wackenhut Corporation |
| **Document(s) type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Termination |
| **Court:** | Middlesex County Superior Court, New Jersey |
| **Case Number:** | MID-L-2683-10 |
| **Jurisdiction Served:** | New Jersey |
| **Date Served on CSC:** | 04/22/2010 |
| **Answer or Appearance Due:** | 35 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |

**Sender Information:**
Thomas A McKinney
973-920-7888

**Primary Contact:**
Ms. Karen Savignac
G4S Companies

**Copy of transmittal only provided to:**
Ms. Jackie Stankard

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the document(s) and taking appropriate action.

**2711 Centerville Road   Wilmington, DE 19808**
**(888) 690-2882   ]**

G4S Wackenhut is part of the G4S group of companies. This communication contains information which may be confidential, personal and/or privileged. It is for the exclusive use of the intended recipient(s). If you are not the intended recipient(s), please note that any distribution, forwarding, copying or use of this communication or the information in it is strictly prohibited. Any personal views expressed in this e-mail are those of the individual sender and G4S Wackenhut does not endorse or accept responsibility for them. Prior to taking any action based upon this e-mail message, you should seek appropriate confirmation of its authenticity.