JOHN K. BENNETT, ESQ. (JB-0527)
JACKSON LEWIS LLP
220 Headquarters Plaza
East Tower, 7th Floor
Morristown, New Jersey 07960
(973) 538-6890
Attorneys for Defendant

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

------------------------------------------------------------x

JACQUELINE YOUNG,

      Plaintiff,

-vs.-

THE WACKENHUT CORPORATION,

      Defendant.

------------------------------------------------------------x

Hon. Dennis M. Cavanaugh, U.S.D.J.
Hon. Mark Falk, U.S.M.J.

Civil Action No. 10-2608 (DMC/MF)

**ANSWER TO COMPLAINT AND JURY DEMAND**

  Defendant, The Wackenhut Corporation ("TWC" or "Defendant"), by way of Answer to the Complaint and Jury Demand filed by Plaintiff, Jacqueline Young, properly removed to this Court on May 21, 2010, responds as follows:

### AS TO FACTS

**A.** **As to Jurisdiction and Venue**

  1. As to paragraph 1, TWC states that Plaintiff, who resides at 1565 Holly Road, North Brunswick, New Jersey, was hired by TWC on or about September 7, 2000, and assigned to an administrative position with TWC's customer, Bristol-Myers Squibb, until about October 20, 2008, when she voluntarily transferred to a position as a payroll specialist at TWC's Cranford, New Jersey office. TWC further states that Plaintiff was considered to have

1

voluntarily terminated her employment on about December 1, 2009. Except as so stated, TWC denies the allegations set forth in paragraph 1.

2. As to paragraph 2, TWC states that it is a Florida corporation having its headquarters and principal place of business located at 4200 Wackenhut Drive, Palm Beach Gardens, Florida, and having an office located at 25 Commerce Drive, Cranford, New Jersey. Except as so stated, TWC denies the allegations set forth in paragraph 2.

**B.     As to Plaintiff's Employment, Disability and Leave of Absence.**

3. TWC states that Plaintiff's hire date is September 7, 2000, and that she voluntarily transferred to a payroll specialist position at TWC's Cranford, New Jersey office as of October 20, 2008. Except as so stated, TWC denies the allegations set forth in paragraph 3.

4. TWC lacks knowledge or information sufficient to admit or deny the allegations set forth in paragraph 4, and therefore denies said allegations and leaves Plaintiff to her proofs.

5. As to paragraph 5, TWC states that in about November 2008, Plaintiff informed TWC that she was pregnant. Except as so stated, TWC denies the allegations set forth in paragraph 5.

6. As to paragraph 6, TWC states that on or about April 3, 2009, Plaintiff informed Winter Lemon that her due date was July 12, 2009, and that she would be taking a leave of absence in connection with her childbirth and childcare. TWC further states that Plaintiff requested FMLA documentation, which was given to her. Except as so stated, TWC denies the allegations set forth in paragraph 6.

7. As to paragraph 7, TWC states that on May 19, 2009, Ms. Lemon sent Plaintiff an email following up on their conversation regarding Plaintiff's leave of absence, requesting that Plaintiff provide her with her doctor's note stating her last day of work, and requesting that

Plaintiff advise her of her plans for taking family leave. TWC further states that, in reply, Plaintiff sent Ms. Lemon an email advising that her last day of work would be June 12, 2009, that she would ask her doctor for a note, and that she would be taking FMLA leave after her disability period. Except as so stated, TWC denies the allegations set forth in paragraph 7.

8. TWC admits the allegations set forth in paragraph 8.

9. TWC denies the allegations set forth in paragraph 9.

10. TWC denies the allegations set forth in paragraph 10.

11. TWC denies the allegations set forth in paragraph 11.

12. TWC denies the allegations set forth in paragraph 12.

13. As to paragraph 13, TWC states that on October 2, 2009, Plaintiff sent an email to Ms. Lemon, stating that she could not return to work as planned, due to babysitting issues, and that she wanted to take as much time off as she could. Except as so stated, TWC denies the allegations set forth in paragraph 13.

14. TWC denies the allegations set forth in paragraph 14.

15. TWC denies the allegations set forth in paragraph 15.

16. As to paragraph 16, TWC states that on November 15, 2009, Ms. Lemon called Plaintiff about Plaintiff's return to work, and Plaintiff informed Ms. Lemon that she was unable to return to work full-time, but would like to work part-time. TWC further states that Ms. Lemon asked her to put her request for a part-time position in writing, and to provide her doctor's note about her return to work. Except as so stated, TWC denies the allegations set forth in paragraph 16.

17. TWC denies the allegations set forth in paragraph 17.

18. TWC admits the allegations set forth in paragraph 18.

19. TWC denies the allegations set forth in paragraph 19.

20. As to paragraph 20, TWC states that on November 30, 2009, Plaintiff returned Doris Wallace's November 24, 2009 phone call, and they discussed Plaintiff's leave time and her failure to submit required medical documentation. TWC states further that in their November 30, 2009 phone conversation, Ms. Wallace explained to Plaintiff that all of her leave time had been exhausted, but she would confirm that with TWC's corporate offices. Except as so stated, TWC denies the allegations set forth in paragraph 20.

21. As to paragraph 21, TWC states that on November 30, 2009, Plaintiff sent Ms. Wallace and Ms. Lemon an email listing certain dates, and another email stating that her prior request to return to work part-time related to her current position, not any other positions. Except as so stated, TWC denies the allegations set forth in paragraph 21.

22. As to paragraph 22, TWC states that on November 30, 2009, Ms. Lemon and Ms. Wallace called Plaintiff and confirmed that she had exhausted all of her leave time, which ran concurrently, and that her return-to-work date had been November 19, 2009. TWC further states that Ms. Lemon told Plaintiff she would check on the availability of a part-time position for her, and Ms. Lemon repeated her prior request that Plaintiff put her request to return to work in a part-time position in writing. Except as so stated, TWC denies the allegations set forth in paragraph 22.

23. As to paragraph 23, TWC states that on December 2, 2009, Plaintiff sent an email to Ms. Lemon, Ms. Wallace and others, taking issue with the exhaustion of her leave time, admitting that she had not supplied TWC with FMLA paperwork, and inquiring about vacation time and her work status. Except as so stated, TWC denies the allegations set forth in paragraph 23.

24. As to paragraph 24, TWC states that on December 1, 2009, Ms. Wallace sent Plaintiff a letter, by certified mail, reiterating their prior conversations that Plaintiff had exhausted her leaves of absence, that she had failed to submit any return-to-work notification from her doctor, and therefore that she was considered to have voluntarily terminated her employment. TWC further states that Ms. Wallace's December 1, 2009 letter advised Plaintiff that when she was able to return to work and had a doctor's note releasing her to return to work, she should "please feel free to reapply." Except as so stated, TWC denies the allegations set forth in paragraph 24.

## AS TO COUNT I

### As to FMLA – Interference with Rights.

25. TWC repeats its responses to the allegations set forth in the preceding paragraphs as if fully stated herein.

26. TWC admits the allegations set forth in paragraph 26.

27. As to paragraph 27, TWC states that plaintiff was eligible for, and received, leave time under the FMLA. Except as so stated, TWC denies the allegations set forth in paragraph 27.

28. As to paragraph 28, TWC states that in about November 2008 and on May 19, 2009, Plaintiff informed TWC of her intent to take medical leave. Except as so stated, TWC denies the allegations set forth in paragraph 28.

29. TWC denies the allegations set forth in paragraph 29.

30. TWC denies the allegations set forth in paragraph 30.

31. TWC denies the allegations set forth in paragraph 31.

32. TWC denies the allegations set forth in paragraph 32.

33. TWC denies the allegations set forth in paragraph 33.

34. TWC denies the allegations set forth in paragraph 34.

Therefore, TWC denies that Plaintiff is entitled to any judgment, damages or any other relief.

## AS TO DEMAND FOR TRIAL BY JURY

TWC denies that Plaintiff is entitled to a trial by jury on all issues.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Plaintiff's claims are barred, estopped and waived by her own conduct and inaction.

### THIRD SEPARATE DEFENSE

Plaintiff has suffered no damages caused by Defendant.

### FOURTH SEPARATE DEFENSE

Plaintiff has failed to mitigate damages, as required by law.

### FIFTH SEPARATE DEFENSE

At all times relevant hereto, Defendant has acted in good faith and has not violated any rights which Plaintiff has, or may have had, under any federal, state or local laws, rules, regulations or guidelines.

### SIXTH SEPRATE DEFENSE

Pain and suffering, emotional distress and other forms of non-economic damages are not available under the FMLA.

### SEVENTH SEPARATE DEFENSE

Punitive damages are not available under the FMLA.

## EIGHTH SEPARATE DEFENSE

Plaintiff's demand for punitive damages is barred by statutory, constitutional or other considerations.

TWC reserves the right to amend, modify or supplement these Separate Defenses as necessary.

WHEREFORE, Defendant TWC respectfully requests that this Court:

a. Dismiss Plaintiff's Complaint and Jury Demand in its entirety;

b. Award TWC its reasonable attorneys' fees and costs incurred in defending against this action; and

c. Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JACKSON LEWIS LLP
Attorneys for Defendant


By: /s/ John K. Bennett
JOHN K. BENNETT

Dated: June 10, 2010